David Eugene WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 56126.

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler and Bob Hinton, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft, as denounced by the former Penal Code. The punishment is imprisonment for eleven (11) years.

On July 21, 1976, appellant waived his right to trial by jury and entered a plea of guilty before the court to the indictment. The court admonished appellant of the consequences of his plea and heard the evidence submitted. At the conclusion of the evidence the trial court entered an order deferring further proceedings and placing appellant on probation for a period of eight years under certain terms and conditions. That order recites that the court was of "the opinion that the evidence submitted substantiates the defendant's guilt, and the Court being of the opinion that the best interests of society and the defendant will be served by deferring further proceedings without entering an adjudication of guilt; . . . ." This order was entered pursuant to the authority of Art. 42.12, Sec. 3d(a), Vernon's Ann.C.C.P., which provides:

"When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases."

On December 3, 1976, the State filed its amended motion to proceed with an adjudication of guilt. That motion alleged that, during the period of probation, appellant had violated two of the probationary condi-

tions. The motion came on for hearing on January 18, 1977. At that time appellant entered a plea of "true" to the State's motion and judicially confessed the correctness of its allegation. At the conclusion of the hearing, the trial court set aside its prior order deferring an adjudication of guilt and placing appellant on probation. A judgment of conviction was then entered which recites, in pertinent part:

"IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense of BURGLARY, AS CHARGED IN THE INDICTMENT, and that the said Defendant committed said offense on the 14th day of December, 1973, and that he be punished by confinement in the Texas Department of Corrections for 11 Years, and that the State of Texas do have and recover of the said defendant all costs in this prosecution expended, for which execution will issue; and that said defendant be remanded to the Sheriff of Dallas County, Texas, to await the further order of the Court herein."

Appellant was sentenced the same date, the record reflecting that appellant waived the time in which to file a motion for new trial and motion in arrest of judgment, and notice of appeal was given.[1]

In his sole ground of error appellant contends that the trial court erred in assessing punishment at imprisonment for 11 years in the Department of Corrections after withdrawing its previous order deferring an adjudication of guilt and revoking appellant's eight-year probation. He contends that this action of the trial court violated the decision of the Supreme Court of the United States in North Carolina v. Pearce, 395

U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In Pearce the Court held that due process is violated when a heavier sentence is imposed upon a reconvicted defendant who has successfully challenged his first conviction either by appeal or collateral attack, unless it affirmatively appears from the record that the increased sentence is based on "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 397 U.S. at 726, 89 S.Ct. at 2072. Pearce is inapplicable to the present case. On January 21, 1976, appellant neither was found guilty of the offense of burglary as alleged in the indictment nor was a punishment assessed for that offense. The court did find that the evidence substantiated appellant's guilt for that offense and placed him on probation for an eight-year term. It was not until January 18, 1977, when the trial court revoked appellant's probation, that he found appellant guilty of the offense alleged in the indictment and assessed a punishment for the commission of that offense. Unlike Pearce, appellant never received a re-trial of the charge contained in the indictment, for it was not until January 18 that he was convicted of the offense charged.

Moreover, even if we accept appellant's argument that "the principle is the same" as in Pearce, we note that, since appellant was originally placed on eight years' probation, appellant committed two aggravated robberies. Appellant judicially confessed to both of these first degree felonies. Consequently, it affirmatively appears from the record that there is "identifiable conduct on the part of the defendant occurring after the time" appellant was originally placed on eight years' probation, justifying the in-

1. The proceedings of January 18th were pursuant to Art. 42.12, Sec. 3d(b), which provides:

"(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication

of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred."

creased punishment imposed. Reversal is not warranted.

The judgment is affirmed.