**Roger Kenneth WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61922.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 21, 1979.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joan Fisher and Susan Spruce, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

OPINION

CLINTON, Judge.

This is an appeal from a conviction for theft in which the trial court previously deferred final adjudication of guilt and placed appellant on probation for a period of four years. Article 42.12, § 3d(a), V.A.C.C.P. Upon motion by the State to revoke appellant's probation, the trial court determined that it would proceed to an adjudication of guilt on the original charge and thereupon assessed appellant's punishment at ten years confinement. See Article 42.-12, § 3d(b), V.A.C.C.P., and *Walker v. State,* 557 S.W.2d 785 (Tex.Cr.App.1977).

The record reflects that on July 11, 1978 appellant executed waivers of indictment, ten days to prepare for trial, and jury, and entered a plea of guilty to the charge of theft alleged to have been committed on July 9, 1978. On the basis of the felony information returned against appellant and his stipulation of evidence, the trial court entered an order which recited in part:

. . . [A]fter the evidence was submitted and the argument of counsel thereon, the Court found that such evidence substantiates the Defendant's guilt in this cause, and further found that the best interests of society and of the defendant would be served by deferring proceedings without entering an adjudication of guilt and placing the Defendant on probation in this cause.

It is therefore . . . ordered and adjudged, that in accordance with Article 42.12, Section 3d of the Code of Criminal Procedure, no judgment shall be entered in this cause and the Defendant be, and he is hereby placed on probation in this cause for a period of 4 years from this date, on the following terms and conditions, to wit:

The order then recited fifteen conditions of probation, the first of which was "commit no offense against the laws of this or any other State or of the United States."

On September 5, 1978, the State filed a "Motion to Revoke Probation" alleging that on or about July 12, 1978 appellant violated the first condition of his probation by entering a habitation with the intent to commit theft, and did appropriate property without the effect consent of the owner and with the intent to deprive the owner thereof. On October 12, 1978, the State's motion was heard by the trial court which determined that appellant had violated the terms of his probation by committing the offense of burglary, and then proceeded to a finding of appellant's guilt in the original theft cause. The court thereafter assessed appellant's punishment at ten years confinement.[1]

By his sole ground of error, appellant now contends that "the trial court abused its discretion in adjudicating guilt and revoking [his] probation because the evidence adduced at the hearing was patently insufficient to support the allegations of the State's Motion to Adjudicate Guilt and Revoke Probation."

Article 42.12, § 3d(b) provides in pertinent part:

On violation of a condition of probation imposed under Subsection (a) of this Section, the defendant may be arrested and detained . . .. The defendant is entitled to a hearing *limited to the determination* by the court of *whether it proceeds with an adjudication of guilt* on the original charge. *No appeal may be taken from this determination.* \* \* \*

While appellants situated similarly to appellant herein, are free to avail themselves of the appellate process "[a]fter an adjudication of guilt . . . as if the adjudication of guilt had not been deferred," the statute clearly provides that the trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion

---

1. Salient portions of the judgment entered follow:

> Therefore the court finds that the defendant is guilty of the offense of theft of a motor vehicle as charged in the primary offense, *and assesses punishment at 4 years confinement in the Texas Department of Corrections.*
> IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED, that the deferred adjudication of guilt heretofore granted the defendant Roger Kenneth Williams, in this cause be and the same is hereby revoked; that the finding of guilty heretofore made in this cause be and the same hereby is made a final finding; that there presents be, and the same hereby is a final judgment in this cause, and that the said defendant, Roger Kenneth Williams, committed the said offense on the 8 day of July, A.D.1978 and that he be punished by 4 years confinement in the Texas Department of Corrections.
> *However, it appearing to the court that there should be a reformation of the judgment herein from 4 years to 10 years in the Texas Department of Corrections.* It is therefore ordered, adjudged and decreed by the court that this judgment be reformed and this penalty be increased from 4 years to 10 years.

Because all proceedings appear regular and the trial court's intent to assess appellant's punishment at ten years upon his final finding of guilt is manifest, we set out the recitation of this most irregular judgment merely for comment in passing.

During the hearing, which by statute is "limited to the determination by the court of whether it proceeds to an adjudication of guilt on the *original charge,*" the State called a Deputy District Clerk for introduction into the record of the "Probation Order and Deferment of Adjudication of Guilt." This document was introduced and repeatedly referenced without objection as the "judgment." Apparently out of an abundance of caution, the trial court felt it necessary—after his final adjudication of guilt—to "reform" his former order of four years probation in view of his desire to sentence appellant to ten years confinement.

Because final adjudication was deferred, no "judgment" had been previously entered; concomitantly, no assessment of punishment had been made. It was therefore wholly unnecessary (and in fact confusing), for the trial court to refer to his four year probation order as "punishment," as well as to speak of the ten year assessment in terms of resulting from a "reformation of the judgment." Article 42.12, § 3d(b) clearly provides:

> After an adjudication of guilt, *all* proceedings, including *assessment of punishment*, pronouncement of sentence, granting of probation, and defendant's appeal *continue as if the adjudication of guilt had not been deferred.* [See *Walker,* supra.]

and not reviewable by this Court.[2] We therefore hold that appellant's ground of error presents nothing for review. Cf. *Houlihan v. State* 579 S.W.2d 213 (Tex.Cr. App.1979); and *Lopez v. State*, 556 S.W.2d 821 (Tex.Cr.App.1977).

We have examined the record before us and, finding no reversible error, affirm the judgment of conviction of the trial court.

---

**2.** Similarly with respect to conditional discharge under the Controlled Substances Act, Article 4476–15, § 4.12, V.A.C.S., as recently held in *McIntyre v. State*, 587 S.W.2d 413 (Tex. Cr.App.1979).