# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00671-CR

**William Lee Fletcher, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 50,152, HONORABLE RICK MORRIS, JUDGE PRESIDING

Appellant William Lee Fletcher pleaded guilty to indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 21.11 (West Supp. 2001). The district court found that the evidence substantiated appellant's guilt, but deferred adjudication and placed appellant on community supervision as called for in a plea bargain agreement. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2001). Later, following a hearing on the State's motion, the court revoked supervision, adjudicated appellant guilty, and sentenced him to imprisonment for four years.

In his first two points of error, appellant contends his guilty plea was involuntary because he was not properly admonished by the court. We do not have jurisdiction to consider this contention because appellant's notice of appeal does not state that he has the district court's permission to appeal. *See* Tex. R. App. P. 25.2(b)(3). This rule applies to an appeal following revocation of deferred adjudication community supervision if the defendant was originally placed on deferred adjudication pursuant to a plea bargain. *Watson v. State*, 924 S.W.2d 711, 714-15 (Tex.

Crim. App. 1996). A defendant cannot appeal the voluntariness of his guilty plea without the trial court's permission. *Cooper v. State*, No. 1100-99, slip op. at 6-8 (Tex. Crim. App. April 4, 2001); *Whitt v. State*, No. 03-00-00194-CR (Tex. App.—Austin April 19, 2001, no pet. h.). In any event, appellant waived this issue by failing to appeal after deferred adjudication was imposed. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Appellant's final point of error is that, under the circumstances, the district court's decision to adjudicate and impose sentence was an abuse of discretion and denied him due process of law. No appeal may be taken from the decision to proceed to adjudication. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). The decision to adjudicate guilt is one of absolute discretion and is not reviewable on appeal. *Williams v. State*, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979). This applies even to claims of constitutional error. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (denial of counsel).

The appeal is dismissed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: May 31, 2001

Do Not Publish

2