11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Edwin Doyle Wishert

Appellant

Vs.                   No.  11-01-00072-CR C Appeal from Brown County

State of Texas

Appellee

 

Appellant originally pleaded guilty to the
offense of indecency with a child; and the trial court deferred adjudication of
guilt, placed appellant on community supervision for 5 years, and assessed a
$1,000 fine.  The State filed a motion
to adjudicate guilt because appellant violated the terms and  conditions of his deferred adjudication
community supervision by committing an offense against the laws of the
State.  After a hearing, the trial court
found that appellant violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated his guilt, and
sentenced him to confinement for 20 years. 
We affirm.

In his first point of error, appellant argues
that the State failed to present evidence to establish each element of the
offenses alleged in the motion to adjudicate. 
In its motion to adjudicate guilt, the State alleged in four counts that
appellant violated the terms and conditions of his community supervision by
committing the offense of indecency with a child against four separate children
Aon or about the 26th day of June, 2000 in the
county of Brown and State of Texas.@  The State alleged in its fifth
count that appellant committed the offense of aggravated sexual assault against
another child Aon or about the 17th day of March, 2000 in
the county of Brown and State of Texas.@  Appellant argues that there
was no evidence at the hearing on the motion to adjudicate to establish the
dates of the alleged offenses or to establish that the offenses occurred in
Brown County.








TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2002) provides that, upon
violation of a condition of community supervision, a defendant is entitled to a
hearing limited to the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge.  Article 42.12, section 5(b) states that "[n]o appeal may be
taken from this determination@ to adjudicate.  We are without
jurisdiction to address appellant=s first point of error.  Phynes
v. State, 828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940
(Tex.Cr.App.1992); Williams v. State, 592 S.W.2d 931 (Tex.Cr.App.1979).  

In his second point of error, appellant
contends that he received ineffective assistance of counsel.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999).  We must
indulge a strong presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance; and appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d
503, 508-09 (Tex.Cr.App.1991).

Appellant specifically argues that his
counsel at the hearing on the motion to adjudicate was ineffective because he
did not object to the trial court=s failure to conduct a separate hearing on punishment and did not
preserve error by filing a motion for new trial.  At the conclusion of the hearing on the State=s motion to adjudicate, the trial court found
three of the allegations to be true and stated:

[I]t would be hard to find a case more
grievous than this one, it=s extremely aggravated.  And I=m going to go ahead and impose the maximum
punishment in this case.  I=m going to assess 20 years confinement in the
penitentiary.  

 

The trial court then asked if there was any
reason why appellant should not be sentenced at that time, and his counsel
responded that there was A[n]o legal reason.@  

Pursuant to Article 42.12, section 5(b), a
defendant is entitled to a punishment hearing after the adjudication of guilt,
and the trial court must allow the accused the opportunity to present
evidence.  Pearson v. State, 994 S.W.2d
176 (Tex.Cr.App.1999).  In Pearson,
the Court of Criminal Appeals, citing Duhart v. State, 668 S.W.2d 384, 387
(Tex.Cr.App.1984), stated that:








Fairness would dictate that a defendant be accorded an opportunity to
offer appropriate evidence in mitigation of punishment after the revocation of
"probation" and the adjudication of guilt and before the assessment
of punishment if such evidence has not already been elicited during the proceedings,
particularly if the defendant requests the opportunity. 

 

Pearson v. State, supra at
178.  

The record shows
that, at the hearing on the motion to adjudicate, appellant=s counsel called numerous witnesses to
testify on appellant=s
behalf and that appellant also testified. 
Appellant=s counsel elicited testimony from the various
witnesses that appellant was very receptive to counseling, that he did an Aexcellent job@ in his counseling, that appellant was a trustee during the time he was
an inmate, and that he was an excellent employee. The record shows that
appellant=s counsel presented evidence to mitigate
punishment during the hearing.  
Appellant has not shown that his counsel=s decision not to present additional evidence was not based on sound trial
strategy.  Appellant=s second point of error is overruled.

The judgment of
the trial court is affirmed.

 

W. G. ARNOT,
III

CHIEF JUSTICE

 

April 18, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.