COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

RUBEN ROSALES,                                             )

                                                                              )              
No.  08-02-00073-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
171st District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 970D12100)

                                                                              )

 

 

O
P I N I O N

 

Pending before the
Court is the State=s motion
to dismiss this appeal for want of jurisdiction.  The appeal is from the revocation of
community supervision and adjudication of guilt for aggravated assault.








In January 1998,
Appellant was indicted for aggravated assault. 
On March 20, 1998, he entered a negotiated plea of guilty to the
charge.  Pursuant to the plea agreement,
the trial court placed Appellant on 8 years=
deferred-adjudication community supervision. 
See Tex.Code
Crim.Proc.Ann. art. 42.12, '
(5)(a)(Vernon Supp. 2002).  On January
22, 2002, the trial court held a hearing on a State=s
motion to revoke community supervision and adjudicate guilt based on Appellant=s failure to abide by the terms of the
community supervision.  At that time, the
court determined Appellant had violated the terms and conditions of community
supervision and Appellant was adjudicated guilty on the initial
aggravated-assault charge.  Appellant was
sentenced to twenty years=
confinement.  

Appellant now
raises a single issue on appeal.  He
contends the State failed to prove at the revocation hearing that Appellant was
the same individual who was originally placed on 

deferred-adjudication community
supervision.  This argument is
essentially a challenge to the sufficiency of evidence supporting the
adjudication of guilt.

The State=s motion urges this Court to dismiss
the appeal for want of jurisdiction.  The
State argues Appellant=s
complaint is governed by Texas Code of Criminal Procedure Article 42.12, ' (5)(b), and therefore not
reviewable on appeal.  We agree.

Article 42.12, ' (5)(b) provides in part:

On violation of a
condition of community supervision imposed under Subsection (a) of this
section, the defendant may be arrested and detained as provided in
Section 21 of this article.  The
defendant is entitled to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this
determination.  [Emphasis added].

 








Tex.Code
Crim.Proc.Ann. art. 42.12, '
(5)(b).  Texas courts have consistently
applied the plain meaning of this provision and disallowed appeals arising from
a trial court=s
decision to proceed with an adjudication of guilt on a deferred
adjudication.  Olowosuko v. State,
826 S.W.2d 940, 942 (Tex.Crim.App. 1992). 
The trial court=s
decision to proceed with an adjudication of guilt is one of absolute
nonreviewable discretion.  Williams v.
State, 592 S.W.2d 931, 932-33 (Tex.Crim.App. 1979).  Moreover, challenges to the sufficiency of
evidence supporting the trial court=s
decision to adjudicate may not be raised on appeal.  Connolly v. State, 983 S.W.2d 738,
739-41 (Tex.Crim.App. 1999).

Appellant=s claim is clearly barred by Texas
law.  Tex.Code
Crim.Proc.Ann. art. 42.12, '
(5)(b); Connolly, 983 S.W.2d at 739-41. 
Accordingly, the State=s
motion for dismissal is granted.  This
appeal is dismissed for want of jurisdiction.

 

 

 

September
12, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)