# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00169-CR

**Denice Evonne Villanueva, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF DENTON COUNTY, 362ND JUDICIAL DISTRICT
NO. F-2000-1094-D, HONORABLE BRUCE MCFARLING, JUDGE PRESIDING**

Appellant Denice Evonne Villanueva was placed on deferred adjudication community supervision after pleading guilty to aggravated assault. *See* Tex. Pen. Code Ann. ' 22.02 (West 1994). On the State=s motion, the district court later revoked supervision and adjudicated appellant guilty. The court assessed punishment at sixteen years= imprisonment. In three points of error, appellant contends the court Aerred in sentencing Appellant to a term of imprisonment due to a violation of a condition of community supervision@ because: (1) she was not shown to be the person placed on community supervision in this cause; (2) the evidence was insufficient to prove the probationary violation found by the court; and (3) the evidence used to prove the violation was unlawfully seized.

Upon the filing of a motion to proceed to adjudication, A[t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.@ Tex. Code Crim. Proc. Ann. art. 42.12,

' 5(b) (West Supp. 2002). Under the express terms of the statute, a defendant whose deferred adjudication probation has been revoked and who has been adjudicated guilty may not raise on appeal any claim of error in the adjudication process, even if the error is of constitutional dimension. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Williams v. State*, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979). After adjudication, all proceedings, including assessment of punishment and sentencing, continue as if adjudication had not been deferred. Art. 42.12, ' 5(b). A defendant may appeal issues arising after adjudication. *Williams*, 592 S.W.2d at 932.

Despite the wording of her points of error, the errors appellant asserts do not relate to the punishment determination or sentencing. Rather, each error challenges the underlying decision to proceed to adjudication. Because the alleged errors are not appealable, we must dismiss the appeal for want of jurisdiction.

The appeal is dismissed.

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: October 17, 2002

Do Not Publish