In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01098-CR

____________


JAMES MICHAEL TURNER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Cause No. 721119 





O P I N I O N


 Appellant, James Michael Turner, challenges his adjudication for indecency
with a child. Appellant claims the trial court violated appellant's due process
rights under the Fourteenth Amendment to the United States Constitution by
adjudicating appellant guilty on finding that he had violated the terms of his
community supervision. We dismiss the appeal for want of jurisdiction. 

Background


 Appellant was charged with aggravated sexual assault of a child, then age
11. In October 1996, appellant pleaded guilty to the reduced felony offense of
indecency with a child. Pursuant to an agreement with the State, the trial court
deferred adjudication and ordered a 10-year term of community supervision. 
Appellant was required to register as a sex offender, to perform 300 hours of
community service, and to abide by 21 other conditions of community
supervision. (1) See Tex. Code Crim. Proc. Ann. art. 42.12 § 5(a) (Vernon Supp.
2002). Appellant was admonished that he would have no right to appeal if the
trial court later adjudged appellant guilty. See Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2002). Appellant did not appeal the trial court's
ruling deferring guilt. 

 In October 2001, on considering the State's motion that appellant had
violated four conditions of his community supervision, the trial court revoked
appellant's community supervision, adjudged him guilty, and assessed punishment
at 10 years in prison.

Jurisdiction


 Appellant's sole contention on appeal is that the trial court deprived him of
due process of law guaranteed by the Fourteenth Amendment to the United States
Constitution by conducting a meaningless hearing and arbitrarily finding a
violation of community supervision in adjudging appellant guilty. 

 Article 42.12, section 5(b) of the Code of Criminal Procedure governs 
adjudication of guilt on violation of community supervision and reads in part as
follows:

 On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article. The defendant is
entitled to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination.


Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2002) (Emphasis
added.).

 Article 42.12, section 5(b) deprives this Court of jurisdiction to consider
any appeal from the trial court's determination to proceed to adjudicate under that
statute. See Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999);
compare Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001) (recognizing
appeal from punishment phase following adjudication of guilt). The prohibition
in article 42.12, section 5(b) means exactly what it says. Olowosuko v. State, 826
S.W.2d 940, 942 (Tex. Crim. App. 1992). The trial court's decision to proceed to
adjudicate is, therefore, "one of absolute discretion and not reviewable." 
Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. [Panel Op.] 1979). 
 In challenging the decision to adjudicate as a deprivation of due process,
appellant contends the trial court cursorily considered appellant's response to the
grounds the State alleged in moving to adjudicate guilt. Appellant focuses on the
condition of his community supervision that forbade any contact between him and
the complainant. Appellant claims that contact with the complainant was
inevitable and well-explained because the complainant lived in the same residence
as his daughter, with whom appellant had visitation rights. We may not consider
these arguments challenging the trial court's decision to adjudicate due to article
42.12, section 5(b). 

Conclusion

 We dismiss appellant's appeal for want of jurisdiction. 





 Elsa Alcala


 Justice


Panel consists of Justices Taft, Alcala, and Price. (2)


Do not publish. Tex. R. App. P. 47.4.


1. The trial court added additional conditions during appellant's community
supervision. 
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.