NO. 12-02-00006-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KEALVIN D. ARMSTRONG,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #2

 

THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM


 Kealvin D. Armstrong ("Appellant") pleaded guilty to the offense of assault causing bodily
injury and was placed on deferred adjudication for one year. After Appellant violated the terms of
his deferred adjudication, the State applied to proceed with a final adjudication of guilt on the assault
charge. The trial court granted the State's application. In three issues, Appellant challenges the trial
court's decision to proceed with a final adjudication of guilt. Because the trial court's determination
to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable, this
appeal is dismissed.


Background

 On December 29, 2000, Appellant pleaded guilty to the offense of assault causing bodily
injury and was placed on deferred adjudication for one year. On October 12, 2001, the State filed
an "Application to Proceed to Final Adjudication" of guilt on the assault charge, alleging that
Appellant violated the terms of his deferred adjudication by assaulting another person on September
16, 2001. At the hearing on the State's application, Appellant pleaded "not true" to the State's
allegation that he had violated the terms of his deferred adjudication. After the hearing, the trial
court granted the State's application and sentenced Appellant to confinement in the Smith County
Jail for one year.

 Appellant argues that the evidence was legally and factually insufficient to support the trial
court's decision to proceed with a final adjudication of Appellant's guilt on the earlier assault charge
and that the trial court abused its discretion in deciding to proceed with a final adjudication of
Appellant's guilt. We disagree. 


Analysis


 Section 5(b) of article 42.12 of the Texas Code of Criminal Procedure states that an offender
who has violated one or more of the conditions of his deferred adjudication is entitled to a hearing
to determine whether the court proceeds with an adjudication of guilt on the original charge. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2002). An appellant cannot appeal the trial
court's decision to revoke a deferred adjudication probation and to proceed with an adjudication of
guilt on the original charge. Id; Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
The court of criminal appeals has consistently held that a trial court's determination to proceed to
a final adjudication of guilt cannot be the basis of an appeal because of the absolute, non-reviewable
discretion section 5(b) of article 42.12 confers on a trial court when making such a determination. 
See Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Williams v. State, 592 S.W.2d
931, 932-33 (Tex. Crim. App. 1979). Therefore, we overrule Appellant's issues.

 Appellant's appeal is dismissed.


Opinion delivered January 8, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.






(DO NOT PUBLISH)