# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00559-CR
## NO. 03-02-00560-CR

**Rosalee Cunningham, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 45,518 & 45,850, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In number 03-02-00559-CR, appellant Rosalee Cunningham appeals from judgments of conviction for theft of over $750 and misapplying more than $200 of fiduciary funds, both of which were third-degree felonies when the offenses were committed. Act of May 23, 1991, 72d Leg., R.S., ch. 565, '' 1, 2, 1991 Tex. Gen. Laws 2003, 2003-04 (Tex. Pen. Code Ann. '' 31.03(e)(4)(A), 32.45(c)(2), since amended). In number 03-02-00560-CR, she appeals from a judgment of conviction for theft of over $20,000, a second-degree felony. *Id*. (Tex. Pen. Code Ann. ' 31.03(e)(5)(B), since amended). In both causes, the adjudications of guilt followed the revocation of deferred adjudication community supervision for nonpayment of restitution and costs. Appellant contends the revocations were an abuse of discretion because she was unable to pay the required amounts.

Upon the filing of a motion to proceed to adjudication, A[t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.@ Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (West Supp. 2003). Under the express terms of the statute, a defendant whose deferred adjudication supervision has been revoked and who has been adjudicated guilty may not raise on appeal any claim of error in the adjudication process. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); *Williams v. State*, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979); *Garcia v. State*, 45 S.W.3d 740, 742 (Tex. App.CAustin 2001, pet. ref=d). After adjudication, all proceedings, including assessment of punishment and sentencing, continue as if adjudication had not been deferred. Art. 42.12, ' 5(b). A defendant may appeal issues arising after adjudication. *Williams*, 592 S.W.2d at 932.

Because the alleged errors are not appealable, the appeals are dismissed for want of jurisdiction.

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: April 24, 2003

Do Not Publish