TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00559-CR


NO. 03-02-00560-CR






Rosalee Cunningham, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,518 & 45,850, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



In number 03-02-00559-CR, appellant Rosalee Cunningham appeals from judgments
of conviction for theft of over $750 and misapplying more than $200 of fiduciary funds, both of
which were third-degree felonies when the offenses were committed. Act of May 23, 1991, 72d
Leg., R.S., ch. 565, §§ 1, 2, 1991 Tex. Gen. Laws 2003, 2003-04 (Tex. Pen. Code Ann.
§§ 31.03(e)(4)(A), 32.45(c)(2), since amended). In number 03-02-00560-CR, she appeals from a
judgment of conviction for theft of over $20,000, a second-degree felony. Id. (Tex. Pen. Code Ann.
§ 31.03(e)(5)(B), since amended). In both causes, the adjudications of guilt followed the revocation
of deferred adjudication community supervision for nonpayment of restitution and costs. Appellant
contends the revocations were an abuse of discretion because she was unable to pay the required
amounts.

Upon the filing of a motion to proceed to adjudication, "[t]he defendant is entitled
to a hearing limited to the determination by the court of whether it proceeds with an adjudication of
guilt on the original charge. No appeal may be taken from this determination." Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (West Supp. 2003). Under the express terms of the statute, a defendant
whose deferred adjudication supervision has been revoked and who has been adjudicated guilty may
not raise on appeal any claim of error in the adjudication process. Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App.
1979); Garcia v. State, 45 S.W.3d 740, 742 (Tex. App.--Austin 2001, pet. ref'd). After
adjudication, all proceedings, including assessment of punishment and sentencing, continue as if
adjudication had not been deferred. Art. 42.12, § 5(b). A defendant may appeal issues arising after
adjudication. Williams, 592 S.W.2d at 932.

Because the alleged errors are not appealable, the appeals are dismissed for want of
jurisdiction.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: April 24, 2003

Do Not Publish