TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00562-CV







In re Mark Atchison







ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY






M E M O R A N D U M O P I N I O N




Relator Mark Atchison asks this Court to issue a writ of mandamus ordering the 368th
Judicial District Court to vacate its order adjudicating him guilty of reckless injury to a child and
return him to deferred adjudication community supervision. (1) He frames the issue presented as
follows: "Does a trial court abuse its discretion by granting a factually unsupported and unproven
motion to proceed to adjudication, or by adjudicating guilt for minor infractions when other
alternatives are available?"

To establish entitlement to mandamus relief, relator must demonstrate that the act
sought to be compelled is purely ministerial, and that there is no adequate remedy at law. Hill v.
Court of Appeals, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). An act is ministerial if it does not
involve the exercise of discretion. Id. The decision to proceed with an adjudication of guilt "is one
of absolute discretion." Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979). 
Relator's very contention, that the district court abused its discretion by adjudicating him guilty,
demonstrates that the disposition of a motion to adjudicate is not an appropriate subject for
mandamus. Mandamus cannot serve as a substitute for the appeal that is prohibited by statute. See
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (West Supp. 2003).

The petition for writ of mandamus is denied.



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Filed: November 13, 2003

1. We affirm Atchison's conviction in an opinion issued today. Atchison v. State, No. 03-03-00118-CR (Tex. App.--Austin Nov. 13, 2003, no pet. h.).