# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00091-CR

**Robert A. Wisniewski, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 9813, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain agreement, appellant Robert A. Wisniewski pleaded guilty to assaulting a public servant and was placed on deferred adjudication community supervision for ten years. *See* Tex. Pen. Code Ann. § 22.01(a)(1), (b)(1) (West 2003). Eighteen months later, the State moved to adjudicate. Following a hearing, the district court found the allegations in the motion to be true, adjudged appellant guilty, and imposed a six-year prison sentence.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a pro se brief.

Appellant's first pro se contention is that he was unlawfully arrested for making a terroristic threat, one of the allegations in the motion to adjudicate found true by the court. No objection to the arrest was raised below, and appellant does not claim that the arrest resulted in the discovery of prejudicial evidence or other harm to him. For the most part, his argument is an attack on the sufficiency of the evidence to prove the allegation. The sufficiency of the evidence to support the court's decision to proceed to adjudication is not appealable. *Williams v. State*, 592 S.W.2d 931, 932 (Tex. Crim. App. 1979).

Appellant next complains that he was denied access to the law library following his arrest, denied access to felony court, and denied access to misdemeanor court. The facts on which these complaints are based do not appear in the record.

Appellant also contends that, for a variety of reasons, he was not guilty of the other violations of supervision found by the court: failing to report to his probation officer and failing to pay required fees. Once again, the sufficiency of the evidence supporting the court's decision to adjudicate cannot be raised on appeal. *Id.*

Appellant further complains that he was slandered during the adjudication hearing, that he was not allowed to speak, and that the court and counsel should not have met in chambers during a recess. We find none of these issues to be meritorious.

Appellant asserts that both his attorneys at trial and on appeal rendered ineffective assistance. The record before us is insufficient to evaluate the performance of trial counsel. Appellant's only complaint about appellate counsel is that he filed a frivolous appeal brief. We find no reason in the record to fault the performance of either attorney.

Finally, appellant raises an issue that is also addressed in counsel's brief. One of the original conditions of probation required appellant to spend 180 days in county jail. Two months after signing the original order, the court signed an agreed modification of the conditions of supervision releasing appellant from custody. The modified conditions provided, however, that appellant would be required to serve the remainder of the ordered jail term if he violated any condition of supervision. Appellant argues that the court's subsequent decision to adjudicate him guilty and impose a six-year sentence violated this agreement.

As counsel points out in his brief to this Court, the modified conditions of supervision were not a plea bargain. At most, the modified conditions preserved the court's discretion to reinstate the required jail time if it considered such action to be appropriate. We agree with counsel that the modified conditions did not limit the court's discretion to proceed to adjudication and impose sentence.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: November 13, 2003

Do Not Publish