NO. 07-02-0491-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 4, 2004

_____

CHARLES TYLER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A14263-0111; HON. JACK R. MILLER, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

On April 8, 2002, upon appellant's guilty plea, the trial court found evidence sufficient to convict appellant of the offense of theft, a state jail felony offense. However, it granted deferred adjudication for a period of four years. On October 22, 2002, upon a hearing on the State's motion to proceed to adjudication, and after appellant's plea of true to some of the State's allegations, the trial court found that appellant had violated the terms

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

under which his adjudication was deferred and proceeded to adjudicate his guilt. His punishment was then assessed at two years confinement in a state jail facility. Appellant gave a timely notice of appeal from the trial court's decision.

Appellant's appellate counsel has now filed an *Anders* brief with this court in which he states he has carefully examined the trial record and determined the appeal is without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). Additionally, he has filed a motion to withdraw and notified appellant of his right to file a *pro se* brief.[2]

In his brief, counsel certifies that he has thoroughly reviewed the clerk's and reporter's records in this case as well as the applicable law relating to cases in which the trial court has proceeded to adjudication after having first deferred that adjudication. In particular, he notes the decisions of our Court of Criminal Appeals in *Williams v. State*, 592 S.W.2d 931 (Tex. Crim. App.1979) and *Olowosuko v. State*, 826 S.W.2d 940 (Tex. Crim. App.1992) as well as the provision of article 42.12 of the Code of Criminal Procedure.[3] All of the references explicate that the decision of a trial judge to proceed to adjudicate guilt because of a violation of the conditions under which adjudication was deferred is not appealable.

---

[2] Appellant filed a response in which he complained of the State's failure to obtain his admittance to a rehabilitation program.

[3] *See* Tex. Code Crim. Proc. Ann. art. 42.12(5)(b) (Vernon Supp. 2004).

We have also made an independent examination of the record and the authorities to determine whether there are arguable grounds that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 83,109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court must be, and is hereby, affirmed.

John T. Boyd
Senior Justice

Do not publish.