Dismissed and Opinion filed October 7, 2004












Dismissed and Memorandum Opinion filed October 7,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00488-CR

____________

 

MOHAMMAD HOSSEIN GAEENI,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District
Court

Harris County, Texas

Trial Court Cause No. 957,579

 



 

M E M O R A N D U M   O P I N I O N








Appellant pled guilty to the offense of aggravated assault of
a family member.  In accordance with the
plea bargain, the trial court deferred adjudication and ordered appellant to
serve five years of deferred adjudication probation.  The State moved to adjudicate guilt and,
after a hearing, the trial court found appellant guilty and assessed punishment
on April 20, 2004, at confinement for four years in the Institutional Division
of the Texas Department of Criminal Justice. 
Appellant filed a timely notice of appeal from the judgment adjudicating
guilt.  The trial court signed a
certification of appellant=s right of appeal, finding that this was not a plea bargain
and that appellant had the right of appeal. 
Because we find we have no jurisdiction to consider any of the issues
raised by appellant, we dismiss.  

Appellant pled guilty to the charged offense in return for
the State=s agreed recommendation of deferred
adjudication, and therefore, the requirements of Rule 25.2 apply.  See Vidaurri v. State, 49 S.W.3d 880, 883
(Tex. Crim.
App. 2001).  Rule 25.2 provides that, in
a plea bargain case, a defendant may appeal only those matters that were raised
by written motion filed and ruled on before trial, or after getting permission
to appeal from the trial court.  Tex. R. App. P. 25.2(a)(2).  Appellant filed a general notice of appeal
and a pro se notice of appeal, both on the same date, and in the pro se notice,
appellant asserted that he met the requirements of Rule 25.2.  The record shows otherwise.  Nothing in the record indicates appellant
obtained permission from the trial court and the record contains no pretrial
motions filed by appellant.  

Aside from the provisions of Rule 25.2, the Court of Criminal
Appeals has held that a defendant who pled guilty, received deferred
adjudication as part of the plea bargain, and is later adjudicated guilty may
not challenge the conviction on appeal, but may raise issues unrelated to the
conviction.  Vidaurri, 49 S.W.3d
at 885.  Because a limited right of
appeal exists in deferred adjudication cases, the trial judge properly
certified that appellant had the right of appeal.  However, appellant has not raised any issues
unrelated to his conviction.  Instead,
appellant complains of the excessiveness of the sentence and of the sufficiency
of the evidence supporting the revocation of community supervision.  








Appellant=s plea bargain precludes his complaint that the sentence is
excessive.  When a prosecutor recommends
deferred adjudication in exchange for a defendant=s plea of guilty, the trial judge
does not exceed that recommendation if, upon proceeding to an adjudication of
guilt, he subsequently assesses any punishment within the range allowed by
law.  Vidaurri, 49 S.W.3d at 885
(citing to Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App.
1996).  In this case, appellant pled
guilty to the offense of aggravated assault in return for the prosecutor=s recommendation of five years= deferred adjudication community
supervision.  Aggravated assault is a
second degree felony and the statute provides that a person adjudged guilty of
a second degree felony Ashall be punished by imprisonment in the institutional
division for any term of not more than 20 years or less than 2 years.@ 
Tex. Pen. Code Ann. ' 12.33(a) (Vernon 2003).  Because the trial judge sentenced appellant
within the range allowed by law, the trial judge did not exceed the recommendation
in the plea bargain. 

In his second issue, appellant complains of the sufficiency
of the evidence supporting the trial court=s revocation of community
supervision.  Article 42.12 prohibits a
defendant who has been adjudicated guilty of the original charge from raising
on appeal contentions of error in the adjudication decision.  Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App.1999)(citing to Tex.
Code Crim. Proc. Ann. art. 42.12 '5(b)).  Thus, section 5(b) of article 42.12 also
prohibits contentions of insufficient evidence to support revocation of
deferred adjudication probation.  Id.  at 740 (citing to Williams v. State,
592 S.W.2d 931 (Tex. Crim. App. 1979)).  

Accordingly, we dismiss the appeal for want of jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion
filed October 7, 2004.

Panel consists of Justices
Anderson, Hudson, and Frost. 

Do Not Publish C Tex. R. App.
P. 47.2(b).