Opinion Issued July 7, 2005










    

In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00596-CR




KAREY DESHAUN THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 813655




MEMORANDUM OPINION

          Appellant, Karey Deshaun Thomas, pleaded guilty to aggravated robbery and
the trial court deferred adjudication of guilt, placing him on community supervision
for 10 years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2004-2005). Subsequently, appellant was adjudicated guilty, and the trial court assessed
his punishment at 18 years in prison. We determine whether we possess jurisdiction
to address appellant’s contention that we should enact a new standard for reviewing
motions to adjudicate. We dismiss the appeal for want of jurisdiction. 
Factual and Procedural Background

          Appellant pleaded guilty to the aggravated robbery of Adnan Lodhi on August
10, 1999. On October 5, 1999, the trial court deferred adjudication of appellant’s
guilt and placed him on community supervision for a period of 10 years. 
Subsequently, the State filed a motion to adjudicate appellant’s guilt based on
violations of the terms and conditions of his community supervision, including: (1)
carrying of a handgun; (2) theft of tires owned by Mario Alfaro; (3) failure to report;
(4) failure to complete the required community service program; and (5) failure to
adhere to an electronic monitoring curfew. On February 5, 2004, the trial court
adjudicated appellant guilty and assessed his punishment at 18 years in prison. 
Motion to Adjudicate
Appellant’s sole issue presented is, “What should the standard be on review of
a Motion to Adjudicate?” Appellant requests that “[a] new rule of law . . . be
implemented by the court.”
 
A.      The Law 
          Deferred adjudication and community supervision are governed by article
42.12, section 5 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann.
art. 42.12, § 5. A defendant is not permitted to appeal a trial court’s determination
of whether to proceed “with an adjudication of guilt on the original charge” after a
defendant violates his or her community supervision. Id. art. 42.12, § 5(b) (Vernon
Supp. 2004-2005). It is well-settled that, “given the plain meaning of Article 42.12,
§ 5(b), an appellant whose deferred adjudication has been revoked and who has been
adjudicated guilty of the original charge may not raise on appeal contentions of error
in the adjudication of guilt process.” Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999). The trial court has absolute discretion to proceed with such an
adjudication of guilt, and that decision is not reviewable on appeal. See Williams v.
State, 592 S.W.2d 931, 932-933 (Tex. Crim. App. 1979). 
          Only after the trial court adjudicates a defendant’s previously deferred finding
of guilt does it conduct a second phase to determine his or her punishment. See Issa
v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). From this point on, a
“defendant’s appeal [may] continue as if the adjudication of guilt had not been
deferred.” Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). The statute that governs
deferred adjudication explicitly permits a defendant to appeal the punishment he or
she is assessed because the issue does not “involve the trial court’s decision to
adjudicate guilt.” Ex parte Brown, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005);
Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001); see Vidaurri v. State,
49 S.W.3d 880, 885 (Tex. Crim. App. 2001). 
 B.     Jurisdiction
          Appellant contends that, for appellate purposes, no distinction between typical
community supervision and deferred-adjudication community supervision should
exist. Appellant asserts that allowing appeals in community supervision cases, but
not in deferred-adjudication cases “is a judicial creation . . . [which] needs to die.” 
The Code of Criminal Procedure clearly provides that an appeal may not be taken
from a determination of the trial court as to whether to proceed with an adjudication
of guilt after a violation of the terms or conditions of a defendant’s community
supervision.


 Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). 
          In this case, appellant was found to have violated the terms of his community
supervision and was adjudicated guilty of the original charge of aggravated robbery. 
Appellant does not raise any appealable issues, or ones not relating to the trial court’s
adjudication of guilt, including the 18-year sentence imposed upon him during the
punishment phase. Because the decision to adjudicate guilt rests solely within the
discretion of the trial court, and appellant is prohibited from pursuing this challenge
on appeal, we lack jurisdiction to consider the appeal. We dismiss appellant’s
challenge to the trial court’s adjudication of guilt. Castiblanco-Gomez v. State, 882
S.W.2d 564, 567 (Tex. App.Houston [1st Dist.] 1994, writ ref’d) (citing Phynes v.
State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992)). 
Conclusion
          We dismiss the appeal for want of jurisdiction. 
                                         
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).