In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00117-CR
______________________________


KENNETH WAYNE COX, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 17,656-2003


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Kenneth Wayne Cox pled guilty to assault on a family member after having been
previously convicted for the same offense. Pursuant to a plea agreement, the trial court
deferred a finding of guilt and placed Cox on community supervision for three years. Three
months later, the State filed a motion to have Cox adjudged guilty. The trial court heard
the State's motion, adjudged Cox guilty of the underlying offense, and sentenced him to
five years' imprisonment. 
          On appeal, Cox complains that: 1) the trial court erred at the adjudication hearing
in admitting behavior evidence of other members of Cox's batterers' intervention class;
2) the evidence adduced at the adjudication hearing was insufficient to support the State's
allegation Cox violated condition number one of his supervision by threatening to commit
an offense involving violence against the director of the violence program at the East Texas
Crisis Center; and 3) the evidence adduced at the adjudication hearing was insufficient to
support the State's allegation Cox violated condition number twenty-eight of his supervision
by failing to participate in and successfully complete the batterers' intervention program. 
As these matters are not appealable, we affirm the trial court's judgment.
          When a trial court hears and rules on a motion to adjudicate guilt, no appeal may
be taken from that ruling. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2005). The Texas Court of Criminal Appeals has held that the statute means what it says
and that the determination to proceed with an adjudication of guilt is one of "absolute
nonreviewable discretion." Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992) (citing Williams v. State, 592 S.W.2d 931, 932–33 (Tex. Crim. App. [Panel Op.]
1979)). An appellant whose deferred adjudication supervision has been revoked and who
has been adjudged guilty of the original charge may not raise on appeal contentions of
error in the adjudication of guilt process. Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999).


 Accordingly, these contentions may not be addressed by this Court.
          We affirm the judgment. 
 
                                                                Donald R. Ross
                                                                Justice

Date Submitted:      December 12, 2005
Date Decided:         December 22, 2005

Do Not Publish