NO. 07-07-0028-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 13, 2007


 ______________________________



TERESA NEVARES ARTEAGA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15835-0412; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER


 In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d (1967), the United
States Supreme Court considered this question: 

 May a State appellate court refuse to provide counsel to brief and argue an
indigent criminal defendant's first appeal as of right on the basis of a
conclusory statement by the appointed attorney on appeal that the case has
no merit and that he will file no brief?


Penson v. Ohio, 488 U.S. 75, 77, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). The Court
concluded counsel's bare conclusion was not enough. 386 U.S. at 742. The Court found
the constitutional right to assistance of counsel afforded an indigent defendant, and
counsel's ethical obligation not to prosecute a frivolous appeal, can be reconciled by
permitting appointed counsel to seek permission to withdraw, supported by a brief referring
to anything in the record that might arguably support the appeal. 368 U.S. at 744. 

 Some ten years after the decision in Anders, the Court of Criminal Appeals noted
the number of briefs filed in that court which failed to satisfy the requirement of Anders and
Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974), and explicated what a brief
supporting a motion to withdraw must contain. High v. State, 573 S.W.2d 807
(Tex.Crim.App. 1978). It held that, in contested cases, it would not accept such briefs
"unless they discuss the evidence adduced at the trial, point out where pertinent testimony
may be found in the record, refer to pages in the record where objections were made, the
nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling
was correct or why the appellant was not harmed by the ruling of the court." Id. at 813.

 After another decade of Anders practice, the U.S. Supreme Court reaffirmed the
inadequacy of an appointed attorney's conclusory certificate that an appeal was frivolous
without discussion of the governing authority or analysis. Penson v. Ohio, 488 U.S. 75, 
109 S.Ct. 346, 102 L.Ed.2d 300 (1988). A brief filed in support of a motion to withdraw
permits an appellate court to determine that counsel has conducted the detailed review
necessary to protection of the defendant's constitutional right to assistance of counsel and
that the appeal is indeed frivolous. Id. at 81. See also McCoy v. Wisconsin, 486 U.S. 429, 
444, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) (Anders brief is a device for assuring that the
constitutional rights of indigent defendants are scrupulously honored). 

 In McCoy the Court upheld a state court rule that expressly required counsel filing
an Anders brief to include a "discussion of why the issue lacks merit." 486 U.S. at 430. 
Texas courts similarly require citation to authority "supporting the attorney's analysis and
conclusion." Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd) 

 Here, appellant's appointed counsel has filed a brief that recites the procedural
history of the case with citations to the record. That history shows appellant pled guilty, but
the adjudication of her guilt was deferred. On the State's motion to adjudicate her guilt
appellant pled true to some of the grounds alleged. Despite the case's brief procedural
history, however, the reporter's record on the motion to adjudicate guilt exceeds 130
pages. 

 After the procedural history, the brief presents the following argument, which we set
out in full: 

 Court Appointed Counsel has reviewed carefully the Clerk's Record, the
Reporter's Record, and applicable law as required by Anders, 386 U.S. 738;
Currie, 516 S.W.2d 684; and High, 573 S.W.2d 807. Court Appointed
Counsel has reviewed law applicable to the revocation of deferred
adjudication community supervision including the Texas Code of Criminal
Procedure, Article 42.12, §5 (Vernon 2005) and case law addressing these
matters. These cases include Williams v. State, 592 S.W.2d 931
(Tex.Crim.App. 1979); Oloswosuko v. State, 826 S.W.2d 940 (Tex.Crim.App.
1992) and Hargesheimer v. State, 182 S.W.3d 906 (Tex.Crim.App. 2006). 
I find nothing in either record which would constitute reversible error. In
applying the facts of this case, I believe this appeal to be frivolous and
without merit.

 As can be seen, the argument contains no discussion of the evidence presented. 
It contains no mention of trial motions or objections, or the absence of such. The authority
cited in the brief is not offered in support of any analysis. Indeed, there is no discussion
of what the cited authority holds and how those holdings relate to this case. In short, the
brief fails to provide a basis on which this court can meet its duty to determine counsel has
conducted a diligent and thorough search of the record for any arguable claim. McCoy,
486 U.S. at 442; Johnson, 885 S.W.2d at 647. The record references and citation to
authority are no more than a gloss on the type of conclusory statement rejected in Anders
and Penson. Accordingly, we deny counsel's motion to withdraw and strike the brief in
support of that motion. Counsel is directed to file a new brief within 30 days of this order.


 Per Curiam


Do not publish.