TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00118-CR






Mark Atchison, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 99-691-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






O P I N I O N



Appellant Mark Atchison was indicted for intentionally or knowingly causing serious
bodily injury to a child based on the death by shaking of his four-month-old daughter. Pursuant to
a plea bargain agreement, he pleaded guilty to the lesser included offense of reckless injury to a child
and was placed on deferred adjudication community supervision for six years. Tex. Pen. Code Ann.
§ 22.04(a), (e) (West 2003). Three years later, the State filed a motion to adjudicate alleging several
violations of the conditions of supervision. At the adjudication hearing, appellant pleaded true to
two of the alleged violations and not true to the others. After receiving evidence, the court found
all the alleged violations to be true, adjudicated appellant guilty, and imposed a twenty-year prison
sentence.

Appellant brings forward eleven issues or points of error by which he urges that the
evidence does not support the court's decision to adjudicate and that the sentence is excessive. Most
of these points are not properly before us, and the others are without merit. Therefore, we will affirm
the judgment of conviction.

In points of error one through seven, appellant contends the evidence does not support
the court's findings that he violated the conditions of supervision. (1) It has been the consistent holding
of the court of criminal appeals, however, that the deferred adjudication statute does not permit an
appeal from the decision to proceed to adjudication. (2) Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.
App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Williams v. State,
592 S.W.2d 931, 932 (Tex. Crim. App. 1979). In Williams, the court specifically held that a
defendant could not challenge the sufficiency of the evidence to support the trial court's findings. 
Williams, 592 S.W.2d at 932.

Appellant argues that these and other opinions to the same effect have misconstrued
article 42.12, section 5(b). He asserts that, properly understood, section 5(b) merely prohibits an
appeal from the decision granting deferred adjudication. (3) He urges that a defendant whose deferred
adjudication probation is revoked has the same right of appellate review that is afforded a defendant
whose regular probation is revoked. Even if we were persuaded by appellant's argument, which we
are not, we would be bound to follow the rulings of the court of criminal appeals cited above. (4) 
Points of error one through seven present nothing for review.

Appellant also seeks to challenge the decision to adjudicate in his eleventh point of
error. He contends the decision was an abuse of the district court's discretion because the alleged
violations were "trivial" and because "alternative penalties were available." It has been held,
however, that the "decision to proceed with an adjudication of guilt is one of absolute discretion and
[is] not reviewable." Williams, 592 S.W.2d at 932-33. Once again, the point of error presents
nothing for review.

In point of error nine, appellant asserts that the district court denied him due process
and due course of law by adjudicating him guilty and imposing the maximum punishment of twenty
years' imprisonment. He makes several arguments in support of these assertions, none of which
survives close scrutiny.

First, he contends the court revoked his supervision for a violation that was not
alleged in the motion to adjudicate. He refers us to this comment by the court at the conclusion of
the hearing: "I believe based on what I've heard here today this afternoon that, to put it in plain
English, Mr. Atchison was playing games with the probation department as far as his residence and
where he was. I think he was intentionally making it difficult, if not impossible, to be tracked at any
given moment." Contrary to appellant's argument, the court's comment was pertinent to the State's
allegation that appellant failed to permit home visits by his probation officer. And in any event, the
court found all of the alleged violations to be true, and any one of them would support the decision
to adjudicate. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

Next, appellant urges that the court denied him due process by refusing to consider
the full range of punishment and by imposing a predetermined sentence. See McClenan v. State, 661
S.W.2d 108, 110 (Tex. Crim. App. 1983). To support his allegation, appellant refers us to testimony
by the probation officer who reviewed appellant's file after the State filed its motion to adjudicate. 
The officer testified that he originally recommended to the court that appellant be placed on ninety
days' electronic monitoring, but that he changed his mind after further consideration when the court
set the matter for a hearing. We find no basis in this testimony for a finding that the court had
predetermined appellant's sentence.

Appellant also argues that the district court's punishment decision was
unconstitutionally "reflexive." See United States v. Tyler, 605 F.2d 851, 853 (5th Cir. 1979)
(fundamentally unfair to revoke based on minor violations government failed to allege in previous
motion to revoke); United States v. Reed, 573 F.2d 1020, 1024 (8th Cir. 1978) ("decision to revoke
probation should not merely be a reflexive reaction to an accumulation of technical violations"). The
only factual support appellant cites in support of this contention is the trial court's remark that "this
case bothered me three years ago when it came to me on the plea bargain agreement." That the court
may have had reservations about the original plea bargain does not, in itself, demonstrate that the
decision to adjudicate or the decision to impose a twenty-year sentence was an unthinking,
unconsidered "reflex," or that the court acted on the basis of information it had previously chosen
to overlook.

Finally, appellant contends that "because the trial court had other available
alternatives to imposing the [twenty-year] sentence, [the appellate court] can infer a spirit of
vindictiveness against Appellant." He cites North Carolina v. Pearce, 395 U.S. 711 (1969), a case
that is not on point. (5) More on point is the opinion in Black v. Romano, also cited by appellant, in
which the court held that due process does not require a court to indicate on the record that it
considered alternatives to incarceration before revoking probation. 471 U.S. 606, 616 (1985). We
decline to infer vindictiveness or to find a due process violation simply because the trial court chose
to impose the maximum punishment following adjudication. Point of error nine is overruled.

Appellant's eighth point of error is that the court's decision to impose a twenty-year
sentence was an abuse of discretion. He argues that the violations proved by the State were too
insignificant to warrant the maximum sentence. He states, "For the trial court to leap from approval
of a six-year deferred adjudication probation to the maximum sentence was arbitrary and
unreasonable in light of the nature of the alleged violations." This argument confuses the decision
to adjudicate, which was based on the violations of supervision, with the punishment decision. The
twenty-year sentence was not imposed as punishment for the supervisory violations, but as
punishment for the second-degree felony to which appellant pleaded guilty and for which he was
convicted. Point of error eight is overruled.

Finally, appellant contends the twenty-year sentence is excessive and disproportionate
under article I, section 13 of the Texas Constitution, which prohibits "cruel or unusual punishment." 
Tex. Const. art. I, § 13. He urges that the sentence is "cruel" because it is disproportionate to the
violations of supervision proved by the State, and is "unusual" because the trial court had other
punishment alternatives. Appellant cites no authority holding that article I, section 13 has a
guarantee against disproportionate sentences. Even if we were to perform a proportionality analysis,
the correct question would be whether the twenty-year sentence was warranted by the crime for
which appellant was convicted, and not whether it was warranted by the supervisory violations
proved at the adjudication hearing. Sullivan v. State, 975 S.W.2d 755, 756 (Tex. App.--Corpus
Christi 1998, no pet.); Fielding v. State, 719 S.W.2d 361, 363 (Tex. App.--Dallas 1986, pet. ref'd). 
We find nothing disproportionate in a twenty-year sentence for shaking a four-month-old infant to
death. Article I, section 13 is not violated when, as here, the punishment assessed is within the limits
prescribed by statute. Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Point of error
ten is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: November 13, 2003

Publish
1. The court found that appellant failed to report to his probation officer, permit home visits by
the probation officer, work faithfully at suitable employment, perform community service restitution,
and pay various fees.
2. The statute provides that when it is alleged that a defendant has violated the conditions of
deferred adjudication supervision, he is "entitled to a hearing limited to the determination by the
court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be
taken from this determination." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2003). 
3. Appellant's construction of section 5(b) would create a conflict with code of criminal
procedure article 44.01(j), which has been held to permit an appeal from a deferred adjudication
order. Tex. Code Crim. Proc. Ann. art. 44.01(j) (West Supp. 2003); Dillehey v. State, 815 S.W.2d
623, 626 (Tex. Crim. App. 1991).
4. Moreover, appellant would still lose on the merits. A plea of true to any one alleged violation
is sufficient to support a revocation of supervision. Rincon v. State, 615 S.W.2d 746, 747 (Tex.
Crim. App. 1981); Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).
5. In Pearce, the court held that "vindictiveness against a defendant for having successfully
attacked his first conviction must play no part in the sentence he receives after a new trial." To
insure against such vindictiveness, a court's discretion to impose a more severe sentence after a
retrial is strictly limited. North Carolina v. Pearce, 395 U.S. 711, 725 (1969).