OPINION
 

 JAMES T. WORTHEN, Chief Justice.
 

 John Aaron Cox appeals the trial court’s order revoking his deferred adjudication probation, following which he was sentenced to imprisonment for forty years. Appellant raises three issues on appeal. We dismiss for want of jurisdiction in part and affirm in part.
 

 Background
 

 On March 15, 1996, Appellant sexually assaulted a six-year-old child. He was indicted for the first-degree felony offense of aggravated sexual assault. On September 17, 1996, pursuant to a plea bargain with the State, Appellant pleaded nolo con-tendere to the offense. The trial court
 
 *601
 
 deferred a finding of guilt and placed Appellant on community supervision for eight years. The tidal court’s community supervision judgment contained thirty-one conditions that Appellant was required to follow.
 

 In June 2000, the State filed a petition to revoke Appellant’s community supervision alleging that Appellant had violated six of the thirty-one conditions included in the judgment. Accordingly, an alias capi-as was issued for Appellant’s arrest.
 

 On April 2, 2003, a hearing was held on the State’s motion. Walter Wooten, a probation officer with the Kaufman County Adult Probation Office, testified that Appellant had violated conditions five, six, eleven, thirteen, and thirty-one of his community supervision judgment as alleged in the State’s motion.
 

 Condition five required Appellant to report monthly to his community supervision officer. Wooten testified that Appellant had faded to report to his supervision officer during April and May 2000. Condition six required monthly visits by Appellant’s community supervision officer at Appellant’s home. Wooten testified that Appellant had changed his residence without the permission of his supervision officer, who was, as a result, unable to locate him. Condition eleven required Appellant to pay $50.00 per month until his fine of $3,624.50 and court costs of $124.50 were satisfied. Wooten testified that Appellant failed to make the required payments from February 1998 forward.
 

 Condition thirteen required Appellant to pay a monthly community supervision fee of forty dollars to Kaufman County. Wooten testified that Appellant failed to make these payments from June 1998 forward. Condition thirty-one required Appellant to attend psychological counseling sessions for sex offenders at his own expense and to remain in counseling until discharged. Wooten testified that Appellant failed to attend sex offender counseling sessions during April and May 2000.
 

 Condition twenty-six required Appellant to register as a sex offender with the law enforcement agency nearest to his residence. Frankie Farrell testified that she was the sex offender registrar’ and custodian of records for the Kaufman County Sheriff’s Department. Farrell further testified that Appellant failed to register as a sex offender as required by the trial court’s judgment.
 

 Appellant responded to the aforementioned testimony with evidence that he had not moved without permission of the court and that he had registered with law enforcement in all of the locations in which he had lived during the duration of his community supervision. He also introduced evidence supporting his contention that he had been unable to pay for the psychological counseling sessions he was ordered to attend.
 

 On May 7, 2003, the trial court entered a judgment adjudicating Appellant guilty of aggravated sexual assault and sentenced him to imprisonment for forty years. Appellant timely filed this appeal.
 

 Registration as a Sex Offender
 

 In his first issue, Appellant contends that his guilty plea was involuntarily made and that his due process rights were violated because the trial court failed to properly admonish him as to the requirement that he register as a sex offender. Appellant pleaded nolo contendere on September 17, 1996 and was admonished in accordance with Texas Code of Criminal Procedure article 26.13. Appellant admits that he was so admonished. However, Appellant contends that he did not receive an admonition as to the requirement that he register as a sex offender. That admo
 
 *602
 
 nition requirement was enacted and became effective in 1999, three years after Appellant’s guilty plea.
 
 See Mitschke v. State,
 
 129 S.W.3d 130, 133 (Tex.Crim.App.2004). Nonetheless, Appellant contends that his constitutional rights under Articles V, VI, and XIV of the United States Constitution were violated because he was not informed as to the sex offender registration requirement.
 

 This issue was squarely addressed by the Texas Court of Criminal Appeals this year in
 
 Mitschke.
 
 There, the appellant, who had pleaded guilty to indecency with a child, alleged that his constitutional rights had been violated by the trial court’s failure to properly admonish him as to the sex offender registration requirement. ■
 
 Id.
 
 at 132. The court of criminal appeals held that the failure to admonish the appellant as to a direct, non-punitive consequence of his plea, specifically, the sex offender registration requirement, did not violate due process or render his plea involuntary.
 
 Id.
 
 at 136. Therefore, we hold that the trial court in the instant case did not err in its failure to admonish Appellant that he would be required to register as a sex offender. Appellant’s first issue is overruled.
 

 Explanation of Parole
 

 In his second issue, Appellant argues that the trial court failed to properly admonish him concerning the parole laws that would be applicable if his. deferred adjudication probation was subsequently revoked. Appellant contends, therefore, that his plea of nolo contendere was involuntarily made. As a result, he contends, his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments were violated in that he was not aware of the danger that could result from his plea.
 

 When the record demonstrates that the trial court gave the statutory admonishments while accepting a plea, there is a prima facie showing of a knowing and voluntary plea.
 
 See Ex parte Gibauitch,
 
 688 S.W.2d 868, 871 (Tex.Crim.App.1985). Prior to accepting a plea of nolo contende-re, a trial court must insure that the plea is free and voluntary.
 
 See
 
 Tex.Code CRim. PROc. Ann. art. 26.13(b) (Vernon 1989). The defendant has the burden to show that he entered a plea without understanding the consequences of his action and, thus, was harmed.
 
 Gibauitch,
 
 688 S.W.2d at 871.
 

 Parole is the discretionary and conditional release of an eligible prisoner who may serve the remainder of his sentence under the supervision and control of the pardons and paroles division.
 
 Malchi v. Thaler,
 
 211 F.3d 953, 957 (5th Cir.2000). Because it is entirely speculative whether a prisoner will be released on parole, there is no constitutional expectancy of parole in Texas.
 
 Id.
 
 Thus, no consideration of parole can support any of the constitutional claims made by Appellant.
 
 Id.; see also Ex parte Retzlaff,
 
 135 S.W.3d 45, 49 (Tex.Crim.App.2004) (“[A]n inmate does not have a statutorily vested liberty interest in being released on parole.”).
 

 We further note that the purpose of Article 26.13 is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered.
 
 See Aguirre-Mata v. State,
 
 992 S.W.2d 495, 499 (Tex.Crim.App.1999). Therefore, its admonishments are not constitutionally required.
 
 See id.
 
 We hold that Appellant did not have a constitutional right to receive information regarding parole when he entered his plea of nolo contendere. Appellant’s second issue is overruled.
 

 Sufficiency of Revocation Evidence
 

 In his third issue, Appellant contends that the evidence was insufficient that he had violated the terms of his de
 
 *603
 
 ferred adjudication probation. Texas Code of Criminal Procedure article 42.12, section 5(b) governs the situation at issue. Article 42.12, section 5(b) states as follows:
 

 On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.
 

 Tex.Code.CRIm. PROC. Ann. art. 42.12 § 5(b) (Vernon Supp.2004-2005) (emphasis added).
 

 In
 
 Connolly v. State,
 
 983 S.W.2d 738 (Tex.Crim.App.1999), the court of criminal appeals reiterated its holdings from a long line of cases concerning situations similar to the instant case.
 
 See Connolly,
 
 983 S.W.2d at 740-741 (citing
 
 Olowosuko v. State,
 
 826 S.W.2d 940, 942 (Tex.Crim.App.1992) (explaining that court of criminal appeals had “held from the beginning of deferred adjudication practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)”);
 
 Phynes v. State,
 
 828 S.W.2d 1, 2 (Tex.Crim.App.1992) (on appeal of trial court’s decision to revoke probation and adjudicate, even if the appellant’s right to counsel had been violated, the appellant could not use direct appeal as the vehicle with which to seek redress);
 
 Wright v. State,
 
 592 S.W.2d 604, 606 (Tex.Crim.App.1980) (under the terms of the statute, no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge);
 
 Williams v. State,
 
 592 S.W.2d 931, 932-33 (Tex.Crim.App.1979) (trial court’s decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable)). The court continued:
 

 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b), an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process, (citation omitted). Moreover, since the legislature has not overturned our interpretation of the statute after all these years, we are confident that our interpretation is correct.
 
 See State v. Hall,
 
 829 S.W.2d 184, 187 (Tex.Crim.App.1992) (prolonged legislative silence following judicial interpretation of statute implies approval of interpretation).
 

 Connolly,
 
 983 S.W.2d at 741.
 

 In our view, given the factual similarities between
 
 Connolly,
 
 its progeny, and the case at hand, the holdings in
 
 Connolly
 
 and the cases cited therein control the instant case as it relates to the trial court’s decision to proceed to adjudication.
 
 Id.; see also Williams,
 
 592 S.W.2d at 932-33. Considering the plain meaning of article 42.12, section 5(b) and the long line of authority from the court of criminal appeals on the issue, we hold that Appellant cannot contest the sufficiency of the evidence insofar as that issue arises out of the trial court’s decision to proceed with the adjudication of guilt.
 
 Id.; see also Williams,
 
 592 S.W.2d at 932-33. Therefore, we lack jurisdiction to consider Appellant’s third issue.
 

 Conclusion
 

 We lack jurisdiction to consider Appellant’s issue three. We have overruled Appellant’s issues one and two. Accordingly,
 
 *604
 
 we
 
 affirm
 
 the trial court’s order revoking Appellant’s community supervision.