NO. 07-04-0114-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 12, 2004
_____

BENJAMIN P. JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433,250; HON. CECIL G. PURYEAR, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Benjamin P. Johnson (appellant) appeals from a judgment adjudicating him guilty of aggravated sexual assault. Via two issues, he contends that 1) the State "failed to prove that the person in court was the person who engaged in the conduct alleged in the Third Amended Motion to Proceed with Adjudication of Guilt and was the same person placed on deferred adjudication" and 2) the trial court erred in admitting "Hearsay Evidence" in finding that appellant had violated his probation. We dismiss for lack of jurisdiction.

Appellant originally pled guilty to the indictment charging him with aggravated sexual assault. The trial court deferred the adjudication of his guilt for the crime and instead

placed him on community supervision for ten years.  Subsequently, the State moved to adjudicate his guilt.  The trial court granted the motion, adjudicated appellant guilty of the assault, and assessed a sentence of 25 years in prison.

In questioning whether the State presented sufficient evidence illustrating that appellant 1) was the person whose adjudication of guilt was originally deferred and 2) violated the terms of his community supervision, appellant implicitly attacks the decision to adjudicate his guilt.  This is so because whether the trial court had before it the right defendant and whether that defendant did something to warrant the denial of further community supervision are clearly part of the court's decision to proceed with an adjudication of that person's guilt.  And, because we have no jurisdiction over appeals involving the "determination by the [trial] court of whether it proceeds with an adjudication of guilt on the original charge," TEX. CODE CRIM. PROC. ANN. art. 42.12, §5(b) (Vernon Supp. 2004-2005), and that has been construed to mean error arising "in the adjudication of guilt process, *Connolly v. State*, 983 S.W.2d 738 (Tex. Crim. App. 1999), we must dismiss the appeal.  *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Drew v. State*, 942 S.W.2d 98, 99 (Tex. App.--Amarillo 1997, no pet.).

Accordingly, the appeal is dismissed for want of jurisdiction.


Brian Quinn
Justice


Publish.


2