Baker v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-298-CR

GLENN ALLEN BAKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In seven points, Glenn Allen Baker complains of the trial court’s adjudication of guilt following a determination that Baker had violated the terms of his probation.  

II.  Background

On November 13, 2002, Baker pled guilty to three counts of theft in an amount over $1,500 and under $20,000, pursuant to Texas Penal Code section 31.03.  
Tex. Penal Code Ann.
 § 31.03 (Vernon Supp. 2004-05).  This was the result of three checks in the amount of $2,000 each being presented to a Wal-Mart store in Hood County Texas, drawn on the North West Bank of Haltom City Texas, and returned as uncollectible for insufficient funds.  Instead of being incarcerated, Baker was given deferred adjudication and placed on community supervision.  Four of the conditions for supervision imposed by the trial court were as follows:  (1) Baker would not commit any offense against the law of the state of Texas, (2) he would abstain from the use of alcohol, (3) he would avoid places of disreputable or harmful character and places where alcoholic beverages are possessed, sold, or used, and (4) he would perform 300 hours of community service at the rate of 8 hours per week if employed and 24 hours per week if unemployed, all commencing June 3, 2003. 

On March 11, 2004, Baker was arrested for public intoxication at the Longhorn Saloon in Hood County, in the presence of his probation officer, Clara S. Hardin.  On April 13, 2004, Baker admitted drinking alcohol in Gabby’s Bar in Hood County.  Further, he failed to preform his weekly hours of community service for the period July 3 through August 9, 2003, August 17 through August 30, 2003, September 7 through December 31, 2003, and January 1 through February 21, 2004. 

On June 3, 2004, the trial court heard the State’s Second Motion to Proceed with Adjudication of Guilt, found the evidence presented in the motion true, and adjudicated Baker guilty on all three counts under Texas Penal Code section 31.05.  
Tex. Penal Code Ann.
 § 31.05.  Again, the trial court suspended the imposition of confinement and ordered Baker to attend Alcoholics Anonymous meetings three times a week and enter, participate in, and complete a program of drug rehabilitation in a Substance Abuse Felony Punishment Facility (“SAFPF”) with the after-care program.  Baker appealed.

III.  Conditions of Probation

In Baker’s first, second, third, and fourth points, Baker argues that the conditions of probation previously discussed and imposed following his inital theft convictions were neither related to public protection or treatment for Baker, that the conditions are overly broad, that the conditions are vague, and that the conditions violate due process.  In sum, Baker’s complaints go to the conditions of his community supervision imposed by the trial court.  Baker has waited until he has violated the terms of his community supervision to complain about them.  Both common sense and the law find this impermissible.  If there is a complaint about a term of community supervision it must be made at the time it is imposed, not when it is violated.  As our Court of Criminal Appeals has stated,

[a]n award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant.  Therefore, conditions not objected to are affirmatively accepted as terms of the contract.  Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract.  A defendant who benefits from . . . prohibition, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable.  A trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection or reconsider the desirability of the contract without the objectionable condition.

Speth v. State
, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1088 (2000).  As this court observed in 
Lopez v. State
, “[u]nder 
Speth
, . . . we are prohibited from hearing on appeal a challenge to the validity of a condition of community supervision unless an objection to that condition was made at the time the condition was imposed, presumably at sentencing, and appeal was taken directly from the court’s ruling.” 
 46 S.W.3d 476, 480 (Tex. App.—Fort Worth 2001, pet. ref’d).  As Baker made no objection to the conditions of probation at the time they were imposed, we overrule points one, two, three, and four.  

IV.  Legally and Factually Insufficient Evidence

In his fifth and six points, Baker asserts that the evidence was legally and factually insufficient to show that he was publicly intoxicated or that he failed to complete the minimum number of hours required for community service.  The Code of Criminal Procedure, article 42.12, section 5(b) reads in part,

[o]n violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained . . . . The defendant is entitled to a hearing limited to the determination by this court of whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.  

Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05).  As the Court of Criminal Appeals has stated, 

[i]n all of these cases, we have tried to make clear that, given the plain meaning of article 42.12, § 5(b), an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process.  Moreover, since the Legislature has not overturned our interpretation of the statute after all these years, we are confident that our interpretation is correct.

Connolly v. State
, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (citations omitted).  “In summary, Article 42.12, § 5(b), prohibits appellant from raising a claim of error (insufficiency of the evidence . . . ) in the adjudication of guilt process.”  
Id
.; 
see also Johnson v. State
, 147 S.W.3d 656, 656 (Tex. App.—Amarillo 2004, no pet.).  Accordingly, we overrule Baker’s fifth and six points because article 42.12, section 5(b) does not provide for such an appeal.  
Tex. Code Crim. Proc. Ann.
 art. 42.12 § 5(b); 
Connolly
, 983 S.W.2d at 741.

V
.
  Alcohol Abuse Treatment

In his seventh point, Baker complains that the trial court erred in sentencing him to alcohol abuse treatment because it allegedly violated the Eighth Amendment to the United States Constitution and article 1, section 13 of the Texas Constitution.  
U.S. Const.
 amend. VIII;
  Tex. Const. 
art. I, § 13.

The Eight Amendment of the United States Constitution and article 1, section 13 of the Texas Constitution, prohibit excessive bail, excessive fines, and cruel and unusual punishment, as does Texas Code of Criminal Procedure article 1.09.  
U.S. Const.
 amend. VIII;
  Tex. Const. 
art. I, § 13
; Tex. Code Crim. Proc. Ann.
 art. 1.09 (Vernon 2005).  On June 3, 2004 at the conclusion of the hearing on the State’s petition to adjudicate Baker guilty under Texas Penal Code section 31.03, theft of over $1,500 dollars and under $20,000, the court imposed the following condition of probation:  

You will attend Alcoholics Anonymous meetings at least three times a week, and that you will also enter and participate in and complete a program of drug rehabilitation in a Substance Abuse Felony Punishment facility operated by the State of Texas, including the after-care program thereof.  And you will enter in and remain in the Hood County jail until such time as you are transferred to the SAFPF facility.

Baker asserts that this sentence is grossly disproportionate and violates Texas Penal Code section 12.35, State Jail Felony Punishment, which does not provide for placement in a substance abuse program.  
Tex. Penal Code Ann.
 § 12.35 (Vernon 2003).

Baker did not object to the drug abuse program placement at the time sentence was imposed, and he raises this issue for the first time on appeal.  This is impermissible.  Error may not be asserted regarding sentence or punishment where such alleged error is not brought to the attention of the trial court by objection or otherwise.  
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986);
 Cook v. State
, 824 S.W.2d 634, 643 (Tex. App.—Dallas 1991, pet. ref’d).  Further, Texas Penal Code section 12.35 allows incarceration for not more than two years and not less than 180 days and permits assessment of a fine not exceeding $10,000; placement in a drug abuse program in lieu of incarceration can hardly be said to be excessive or cruel and unusual in the constitutional sense.  We overrule Baker’s seventh point.

VI.  Conclusion

Having overruled all of Baker’s points, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 2, 2005

  

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.