COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-298-CR
  
  
GLENN ALLEN BAKER                                                            APPELLANT
   
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 355TH DISTRICT COURT 
OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        In 
seven points, Glenn Allen Baker complains of the trial court’s adjudication of 
guilt following a determination that Baker had violated the terms of his 
probation.
II. Background
        On 
November 13, 2002, Baker pled guilty to three counts of theft in an amount over 
$1,500 and under $20,000, pursuant to Texas Penal Code section 31.03. Tex. Penal Code Ann. § 31.03 (Vernon 
Supp. 2004-05).  This was the result of three checks in the amount of 
$2,000 each being presented to a Wal-Mart store in Hood County Texas, drawn on 
the North West Bank of Haltom City Texas, and returned as uncollectible for 
insufficient funds.  Instead of being incarcerated, Baker was given 
deferred adjudication and placed on community supervision.  Four of the 
conditions for supervision imposed by the trial court were as follows: (1) Baker 
would not commit any offense against the law of the state of Texas, (2) he would 
abstain from the use of alcohol, (3) he would avoid places of disreputable or 
harmful character and places where alcoholic beverages are possessed, sold, or 
used, and (4) he would perform 300 hours of community service at the rate of 8 
hours per week if employed and 24 hours per week if unemployed, all commencing 
June 3, 2003.
        On 
March 11, 2004, Baker was arrested for public intoxication at the Longhorn 
Saloon in Hood County, in the presence of his probation officer, Clara S. 
Hardin.  On April 13, 2004, Baker admitted drinking alcohol in Gabby’s 
Bar in Hood County.  Further, he failed to preform his weekly hours of 
community service for the period July 3 through August 9, 2003, August 17 
through August 30, 2003, September 7 through December 31, 2003, and January 1 
through February 21, 2004.
        On 
June 3, 2004, the trial court heard the State’s Second Motion to Proceed with 
Adjudication of Guilt, found the evidence presented in the motion true, and 
adjudicated Baker guilty on all three counts under Texas Penal Code section 
31.05. 
Tex. Penal Code Ann. § 
31.05.  Again, the trial court suspended the imposition of confinement and 
ordered Baker to attend Alcoholics Anonymous meetings three times a week and 
enter, participate in, and complete a program of drug rehabilitation in a 
Substance Abuse Felony Punishment Facility (“SAFPF”) with the after-care 
program.  Baker appealed.
III. Conditions of Probation
        In 
Baker’s first, second, third, and fourth points, Baker argues that the 
conditions of probation previously discussed and imposed following his inital 
theft convictions were neither related to public protection or treatment for 
Baker, that the conditions are overly broad, that the conditions are vague, and 
that the conditions violate due process.  In sum, Baker’s complaints go 
to the conditions of his community supervision imposed by the trial court.  
Baker has waited until he has violated the terms of his community supervision to 
complain about them.  Both common sense and the law find this 
impermissible.  If there is a complaint about a term of community 
supervision it must be made at the time it is imposed, not when it is 
violated.  As our Court of Criminal Appeals has stated,
   
[a]n award of community supervision is not a right, but a contractual privilege, 
and conditions thereof are terms of the contract entered into between the trial 
court and the defendant.  Therefore, conditions not objected to are 
affirmatively accepted as terms of the contract.  Thus, by entering into 
the contractual relationship without objection, a defendant affirmatively waives 
any rights encroached upon by the terms of the contract.  A defendant who 
benefits from . . . prohibition, the granting of which does not involve a 
systemic right or prohibition, must complain at trial to conditions he finds 
objectionable.  A trial objection allows the trial court the opportunity to 
either risk abusing his discretion by imposing the condition over objection or 
reconsider the desirability of the contract without the objectionable condition.
 
  
Speth 
v. State, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999), cert. denied, 
529 U.S. 1088 (2000).  As this court observed in Lopez v. State, 
“[u]nder Speth, . . . we are prohibited from hearing on appeal a 
challenge to the validity of a condition of community supervision unless an 
objection to that condition was made at the time the condition was imposed, 
presumably at sentencing, and appeal was taken directly from the court’s 
ruling.”  46 S.W.3d 476, 480 (Tex. App.—Fort Worth 2001, pet. ref’d).  
As Baker made no objection to the conditions of probation at the time they were 
imposed, we overrule points one, two, three, and four.
IV. Legally and Factually Insufficient Evidence
        In 
his fifth and six points, Baker asserts that the evidence was legally and 
factually insufficient to show that he was publicly intoxicated or that he 
failed to complete the minimum number of hours required for community 
service.  The Code of Criminal Procedure, article 42.12, section 5(b) reads 
in part,
   
[o]n violation of a condition of community supervision imposed under Subsection 
(a) of this section, the defendant may be arrested and detained . . . . The 
defendant is entitled to a hearing limited to the determination by this court of 
whether it proceeds with an adjudication of guilt on the original charge.  
No appeal may be taken from this determination.
 
  
Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (Vernon Supp. 2004-05).  As the Court of Criminal Appeals has 
stated,
  
[i]n all of these cases, we have tried to make clear that, given the plain 
meaning of article 42.12, § 5(b), an appellant whose deferred adjudication 
probation has been revoked and who has been adjudicated guilty of the original 
charge, may not raise on appeal contentions of error in the adjudication of 
guilt process.  Moreover, since the Legislature has not overturned our 
interpretation of the statute after all these years, we are confident that our 
interpretation is correct.
 
 
Connolly 
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (citations 
omitted).  “In summary, Article 42.12, § 5(b), prohibits appellant from 
raising a claim of error (insufficiency of the evidence . . . ) in the 
adjudication of guilt process.”  Id.; see also Johnson v. State, 
147 S.W.3d 656, 656 (Tex. App.—Amarillo 2004, no pet.).  Accordingly, we 
overrule Baker’s fifth and six points because article 42.12, section 5(b) does 
not provide for such an appeal.  Tex. 
Code Crim. Proc. Ann. art. 42.12 § 5(b); Connolly, 983 S.W.2d at 
741.
V. Alcohol 
Abuse Treatment
        In 
his seventh point, Baker complains that the trial court erred in sentencing him 
to alcohol abuse treatment because it allegedly violated the Eighth Amendment to 
the United States Constitution and article 1, section 13 of the Texas 
Constitution.  U.S. Const. 
amend. VIII; Tex. Const. art. I, 
§ 13.
        The 
Eight Amendment of the United States Constitution and article 1, section 13 of 
the Texas Constitution, prohibit excessive bail, excessive fines, and cruel and 
unusual punishment, as does Texas Code of Criminal Procedure article 1.09.  
U.S. Const. amend. VIII; Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art. 1.09 
(Vernon 2005).  On June 3, 2004 at the conclusion of the hearing on the 
State’s petition to adjudicate Baker guilty under Texas Penal Code section 
31.03, theft of over $1,500 dollars and under $20,000, the court imposed the 
following condition of probation:
  
You will attend Alcoholics Anonymous meetings at least three times a week, and 
that you will also enter and participate in and complete a program of drug 
rehabilitation in a Substance Abuse Felony Punishment facility operated by the 
State of Texas, including the after-care program thereof.  And you will 
enter in and remain in the Hood County jail until such time as you are 
transferred to the SAFPF facility.
   
Baker 
asserts that this sentence is grossly disproportionate and violates Texas Penal 
Code section 12.35, State Jail Felony Punishment, which does not provide for 
placement in a substance abuse program. Tex. Penal Code Ann. § 12.35 (Vernon 
2003).
        Baker 
did not object to the drug abuse program placement at the time sentence was 
imposed, and he raises this issue for the first time on appeal.  This is 
impermissible.  Error may not be asserted regarding sentence or punishment 
where such alleged error is not brought to the attention of the trial court by 
objection or otherwise.  Mercado v. State, 718 S.W.2d 291, 296 (Tex. 
Crim. App. 1986); Cook v. State, 824 S.W.2d 634, 643 (Tex. App.—Dallas 
1991, pet. ref’d).  Further, Texas Penal Code section 12.35 allows 
incarceration for not more than two years and not less than 180 days and permits 
assessment of a fine not exceeding $10,000; placement in a drug abuse program in 
lieu of incarceration can hardly be said to be excessive or cruel and unusual in 
the constitutional sense.  We overrule Baker’s seventh point.
VI. Conclusion
        Having 
overruled all of Baker’s points, we affirm the judgment of the trial court.
   
  
                                                          BOB 
MCCOY
                                                          JUSTICE
 
 
 
PANEL A:   CAYCE, 
C.J.; DAUPHINOT and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: June 2, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.