COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-489-CR
  
  
TRACY 
ALLEN McDOWELL                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Tracy Allen McDowell pled guilty to the offense of indecency with a child by 
fondling. In accordance with the parties’ plea bargain, the trial court 
deferred adjudication and ordered Appellant to serve ten years’ deferred 
adjudication community supervision. The State later moved to adjudicate guilt, 
and after a hearing, the trial court adjudicated Appellant’s guilt and 
assessed punishment on September 9, 2004, at confinement for four years in the 
Institutional Division of the Texas Department of Criminal Justice. This appeal 
followed.
        In 
one point, Appellant contends that the trial court erred in proceeding to an 
adjudication of guilt based on evidence that was insufficient to support the 
judgment.  The State responds that we lack jurisdiction over this appeal 
and, alternatively, that Appellant’s complaint is meritless.
        The 
court of criminal appeals has held that a defendant who pled guilty, received 
deferred adjudication as part of a plea bargain, and is later adjudicated guilty 
may not challenge the conviction on appeal, but may raise issues unrelated to 
the conviction.  Vidaurri v. State, 49 S.W.3d 880, 883 (Tex. Crim. 
App. 2001).  Here, the trial court signed a certification of Appellant’s 
right of appeal, finding that this was not a plea bargain and that Appellant had 
the right to appeal.[2]  Appellant argues in his 
brief that because the certification was not limited in any respect, he has an 
unlimited right to appeal.  We disagree.  Because a limited right to 
appeal exists in deferred adjudication cases, the trial judge properly certified 
that Appellant had the right to appeal.  However, Appellant has not raised 
any issues unrelated to his conviction.  Instead, he complains that the 
evidence was insufficient to support the revocation of community supervision and 
the adjudication of guilt.
        Article 
42.12 of the code of criminal procedure governs the situation at issue. Tex. Code Crim. Proc. Ann. art. 42.12 
(Vernon Supp. 2004-05).  It provides that no appeal may be taken from the 
trial court’s determination of whether the court proceeds with an adjudication 
of guilt on the original charge.  See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b).  Thus, section 5(b) also prohibits appeals asserting contentions 
of insufficient evidence to support revocation of deferred adjudication 
community supervision.  Id; Connolly v. State, 983 S.W.2d 
738, 741 (Tex. Crim. App. 1999) (citations omitted); Williams v. State, 
592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979); Cox v. State, 156 S.W.3d 
599, 603 (Tex. App.—Tyler 2004, pet. ref’d); see also Johnson v. State, 
147 S.W.3d 656, 656 (Tex. App.—Amarillo 2004, no pet.).
        Accordingly, 
we dismiss the appeal.
   
   
                                                                  PER 
CURIAM
 
 
  
PANEL 
F: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 14, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
On November 3, 2004, which was after the trial court signed the certification in 
the instant case, this court revised its preferred certification form to include 
a category for the trial court to indicate that a case “is a deferred 
adjudication case, and the defendant has a limited right of appeal.” See 
Jackson v. State, No. 2-05-103-CR, 2005 WL 1475914, at n.1 (Tex. App.—Fort 
Worth June 23, 2005, no pet.).