MCDOWELL v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-489-CR

TRACY ALLEN McDOWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tracy Allen McDowell pled guilty to the offense of indecency with a child by fondling.  In accordance with the parties’plea bargain, the trial court deferred adjudication and ordered Appellant to serve ten years’ deferred adjudication community supervision.  The State later moved to adjudicate guilt, and after a hearing, the trial court adjudicated Appellant’s guilt and assessed punishment on September 9, 2004, at confinement for four years in the Institutional Division of the Texas Department of Criminal Justice.  This appeal followed.

In one point, Appellant contends that the trial court erred in proceeding to an adjudication of guilt based on evidence that was insufficient to support the judgment.  The State responds that we lack jurisdiction over this appeal and, alternatively, that Appellant’s complaint is meritless.

The court of criminal appeals has held that a defendant who pled guilty, received deferred adjudication as part of a plea bargain, and is later adjudicated guilty may not challenge the conviction on appeal, but may raise issues unrelated to the conviction.  
Vidaurri v. State
, 49 S.W.3d 880, 883 (Tex. Crim. App. 2001).  Here, the trial court signed a certification of Appellant’s right of appeal, finding that this was not a plea bargain and that Appellant had the right to appeal.
(footnote: 2)  Appellant argues in his brief that because the certification was not limited in any respect, he has an unlimited right to appeal.  We disagree. Because a limited right to appeal exists in deferred adjudication cases, the trial judge properly certified that Appellant had the right to appeal.  However, Appellant has not raised any issues unrelated to his conviction.  Instead, he complains that the evidence was insufficient to support the revocation of community supervision and the adjudication of guilt.

Article 42.12 of the code of criminal procedure governs the situation at issue.  
Tex. Code Crim. Proc. Ann
. art. 42.12 (Vernon Supp. 2004-05).  It provides that no appeal may be taken from the trial court’s determination of whether the court proceeds with an adjudication of guilt on the original charge.  
See 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b).  Thus, section 5(b) also prohibits appeals asserting contentions of insufficient evidence to support revocation of deferred adjudication community supervision.  
Id
; 
Connolly v. State
, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (citations omitted); 
Williams v. State
, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979); 
Cox v. State
, 156 S.W.3d 599, 603 (Tex. App.—Tyler 2004, pet. ref’d); 
see also Johnson v. State
, 147 S.W.3d 656, 656 (Tex. App.—Amarillo 2004, no pet.).   Accordingly, we dismiss the appeal.

PER CURIAM

PANEL F:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
On November 3, 2004, which was after the trial court signed the certification in the instant case, this court revised its preferred certification form to include a category for the trial court to indicate that a case “is a deferred adjudication case, and the defendant has a limited right of appeal.”  
See Jackson v. State
,  No. 2-05-103-CR, 2005 WL 1475914, at n.1 (Tex. App.—Fort Worth June 23, 2005, no pet.).