NO









NO. 12-04-00253-CR

 

                     IN THE COURT
OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

TYRONE
DESHUN COX,                               '                 APPEAL
FROM THE 2ND

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                       '                 CHEROKEE
COUNTY, TEXAS

                                                                                         
                                                                  

                                                     MEMORANDUM
OPINION

In
two issues, Appellant Tyrone Deshun Cox appeals his sentence of ten years of
imprisonment for the second degree felony offense of aggravated assault with a
deadly weapon.  We affirm in part and
dismiss for want of jurisdiction in part.

 

Background

On
February 2, 1999, Appellant was indicted for the offense of aggravated assault
with a deadly weapon.  On July 29,
Appellant pleaded Aguilty@ to the offense alleged in the
indictment; however, the trial court deferred a finding of guilt and placed
Appellant on deferred adjudication probation for a period of eight years.  On March 30, 2004, the State filed a AMotion to Adjudicate,@ alleging that Appellant violated the
terms of his probation by 1) breaking into a coin operated machine, 2) failing
to appear in court on a pending misdemeanor charge after being released on his
own recognizance, 3) failing to pay probation fees, 4) failing to pay court
costs, 5) failing to pay attorney=s
fees, 6) failing to perform community service, 7) carrying a handgun on his
person, and 8) possessing a usable quantity of marijuana.








On
May 27, at the hearing on the State=s
motion, the trial court adjudicated Appellant Aguilty@ of the offense of aggravated assault
with a deadly weapon and sentenced him to ten years of imprisonment.  Appellant now challenges 1) the legal and
factual sufficiency of the evidence supporting the trial court=s decision to move to a final
adjudication of guilt and 2) the trial court=s
consideration of a presentence investigation report (PSI) compiled for his 1999
plea hearing.

 

Analysis

In
his first issue, Appellant argues that the evidence adduced at the hearing on
the motion to adjudicate was legally and factually insufficient to support the
trial court=s
decision to revoke his probation and enter a Aguilty@ judgment against him.  The State contends that the evidence was
legally and factually sufficient.

Article
42.12 of the Texas Code of Criminal Procedure governs the situation at
issue.  See Cox v. State,
156 S.W.3d 599, 603 (Tex. App.BTyler
2004, pet. ref=d).  Section 5(b) of article 42.12 states as
follows: 

 

On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article.  The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. 
No appeal may be taken from this determination.

 

 

Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005) (emphasis
added).  Appellant therefore cannot
contest the sufficiency of the evidence related to the trial court=s decision to proceed with the
adjudication of guilt.  See Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Cox,
156 S.W.3d at 603.  Accordingly, we lack
jurisdiction to consider Appellant=s
first issue.  See Cox,
156 S.W.3d at 603.








In
his second issue, Appellant argues that the trial court Aerred
in considering unsubstantiated evidence and facts not in evidence in assessment
of [Appellant=s]
sentence.@[1]  Specifically, he argues that the trial court
erred by considering a PSI compiled in 1999 for his original plea hearing that
was not entered into evidence.  

We
first note that as a prerequisite to presenting a complaint for appellate
review, the record must show that the complaint was made to the trial court by
a timely request, objection, or motion that stated the grounds for the ruling
that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context.  See
Tex. R. App. P. 33.1(a)(1)(A).  Appellant does not direct us to any place in
the record where he objected at the trial court level to consideration of the
PSI because it had not been admitted into evidence.  Accordingly, nothing is presented for
review.  Appellant=s
second issue is overruled.

 

Conclusion

Having
overruled Appellant=s second
issue, we affirm the portion of the trial court=s judgment related thereto.  The remainder of this appeal is dismissed
for want of jurisdiction.

 

 

 

  
 DIANE DEVASTO   

    
Justice

 

 

Opinion
delivered December 21, 2005.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)











[1] Article 42.12, '5(b) provides that A[a]fter an adjudication of guilt,
all proceedings, including assessment of punishment...and defendant=s appeal continue as if the
adjudication of guilt had not been deferred.@  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b).  Thus, our consideration of Appellant=s arguments concerning his sentence
is, for jurisdiction purposes, appropriate.